# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENCUKY
### LOUISVILLE DIVISION

| | |
|---|---|
| DAVID W. PARROTT, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 3:23-CV-593-RGJ |
| GEMINI DIRECT, LLC d/b/a CREDIT INNOVATION GROUP, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

Now comes DAVID W. PARROTT ("Plaintiff"), by and through the undersigned, complaining as to the conduct of GEMINI DIRECT, LLC d/b/a CREDIT INNOVATION GROUP ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages against Defendant pursuant to the Credit Repair Organizations Act ("CROA") under 15 U.S.C. § 1679 *et seq.* in connection with Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the CROA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1679, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business within the Western District of Kentucky and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Kentucky.

## PARTIES

4. Plaintiff is a consumer over 18 years of age residing in Louisville, Kentucky, which lies within the Western District of Kentucky.

5. Defendant is a credit repair organization that offers consumers the ability to improve their credit through using its program. Defendant is an entity organized under the laws of the state of Utah with its principal place of business located at 625 North State Street, Unit 2, Hilldale, Utah 84784.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. In approximately February of 2023, Plaintiff was looking to qualify to purchase a home but had issues with his credit and credit score.

8. Plaintiff was then referred to Defendant around this time.

9. Upon speaking with Defendant, Plaintiff was informed that Defendant offered credit repair services and that, in connection therewith, Defendant would seek to dispute information on Plaintiff's credit to have that information removed and thus improve Plaintiff's credit.

10. Defendant further advised that it would seek to improve Plaintiff's credit by having his on-time rent payments being reported on his credit as a favorable trade line.

11. Defendant promised that, within 6 months of using its services, Plaintiff would have an 800 credit score and be able to qualify for a home.

12. Plaintiff subsequently entered into a contract with Defendant for the provision of credit repair services.

13. Plaintiff began his her payments to Defendant, which included a "set up fee" of $179.00, then additional payments of approximately $179 per month thereafter.

14. However, Defendant failed to deliver the services it represented would be delivered.

15. Defendant failed to deliver the represented results or otherwise provide the promised improvement that induced Plaintiff to use Defendant's services.

16. Defendant failed to get Plaintiff's credit score up to 800 after 6 months, despite its representations it would do so.

17. Defendant further failed to get the rental payments reported on Plaintiff's credit in a positive manner, despite its representations that it would do so.

18. In fact, rather than improve Plaintiff's credit, Plaintiff's credit score has decreased while using Defendant's services.

19. Frustrated, distressed, and concerned over Defendant's conduct, Plaintiff spoke with the undersigned regarding his rights.

20. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, emotional distress, aggravation, mental anguish, pecuniary loss stemming from the payments made to Defendant for deficient credit repair services, further out of pocket damages, as well as numerous violations of his federally protected interests to be free from deceptive and misleading conduct on the part of purported credit repair organizations.

### COUNT I – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT

21. Plaintiffs repeat and reallege paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA.

23. Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or

perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

   a. **Violations of CROA § 1679b(a)**

24. The CROA, pursuant to 15 U.S.C. § 1679b(a)(3) prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization." Additionally, pursuant to 15 U.S.C. § 1679b(a)(4), any person is prohibited from "engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

25. Defendant violated the CROA through the its misrepresentations and deception as to the nature of the credit repair services it could provide Plaintiff. Defendant represented that it would improve Plaintiff's credit score to 800 after 6 months of providing services, despite failing to provide those services. Upon information and belief, Defendant routinely represents to consumers that they will enjoy significant improvement to their credit through Defendant's services despite Defendant lacking a reasonable belief that it would be able to deliver the represented improvement.

26. Defendant violated the CROA through its misrepresentations regarding the rental payments that would be reported on Plaintiff's credit. Plaintiff was told that his credit would improve by Defendant having Plaintiff's on-time rent payments reported on his credit. However, Defendant failed to follow through on this promise as it failed to get the rent information reported.

27. Defendant further violated the above provisions of the CROA through its failure to deliver a benefit to Plaintiff's credit. Defendant represented that its services would improve Plaintiff's credit score. However, Plaintiff's credit score has gone down while using Defendant's services.

   **b.  Violation of CROA § 1679b(b)**

28. The CROA, pursuant to 15 U.S.C. § 1679b(b), states that "[n]o credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed."

29. Defendant violated § 1679b(b) as it charged and received money from Plaintiff in exchange for the performance of its services before such services were fully performed. Plaintiff's "set up fee" was charged before any services were fully performed, and Defendant failed to provide the represented services that would have justified its retention of Plaintiff's subsequent monthly payments.

   **c.  Violation of CROA § 1679c**

30. The CROA provides that a credit repair organization must provide consumers with certain written disclosures prior to contracting with consumers. Pursuant to 15 U.S.C. § 1679c(b), "the written statement required under this section shall be provided as a document which is separate from any written contract or other agreement between the credit repair organization and the consumer or any other written material provided to the consumer."

31. Defendant violated 15 U.S.C. §§ 1679c(a)-(b) through its failure to provide the written disclosures required under § 1679c. Defendant never provided such disclosures to Plaintiff, nor did it provide a separate document containing such disclosures.

   **d.  Violation of CROA §§ 1679d & 1679e**

32. The CROA, pursuant to 15 U.S.C. § 1679d, outlines a number of requirements for contracts between credit repair organizations and consumers, which explicitly requires a credit repair organization to include, in the contract between them and a consumer, to include "a conspicuous statement in bold face type, in immediate proximity to the space reserved for the consumer's signature on the contract, which reads as follows: 'You may cancel this contract without penalty or obligation at any time before midnight of the 3rd business day after the date on which you signed the contract. See the attached notice of cancellation form for an explanation of this right.'" Under § 1679e, a CRO must provide a consumer a separate notice of a consumer's cancellation right.

33. Defendant violated 15 U.S.C. §§ 1679d & 1679e through its failure to provide the disclosures and information required by the CROA both in the contract between the parties, as well as in any other separate form.

   e. **Violation of CROA § 1679f(b)**

34. The CROA, pursuant to 15 U.S.C. § 1679f(b) provides that, "[a]ny attempt by any person to obtain a waiver from any consumer of any protection provided by or any right of the consumer under [the CROA] shall be treated as a violation of [the CROA]."

35. Defendant violated 15 U.S.C. § 1679f(b) through its attempt to obtain Plaintiff's waiver of the protections afforded him under the CROA. Defendant's contract contains within it a number of clauses which aim to broadly shield Defendant from liability in connection with obligations and rights imposed by the CROA.

36. The failures of Defendant's contract in turn render it void and unenforceable pursuant to 15 U.S.C. § 1679f(c).

WHEREFORE, Plaintiff, DAVID W. PARROTT, respectfully requests that the Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff actual damages to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(1);

c. Awarding Plaintiff punitive damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(2)(A);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1679g(a)(3); and

e. Awarding any other relief as the Honorable Court deems just and appropriate.


Dated: November 15, 2023                                        Respectfully submitted,

*s/ Chad W. Eisenback*
Chad W. Eisenback
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Phone: (312) 313-1613
Facsimile: (630) 575-8188
ceisenback@sulaimanlaw.com