UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| DAVID W. PARROTT, | **Case No.** 3:23-CV-593-RGJ |
| Plaintiff, | |
| v. | |
| GEMINI DIRECT, LLC d/b/a CREDIT INNOVATION GROUP, | |
| Defendant. | |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO TRANSFER VENUE**

Gemini Direct, LLC d/b/a Credit Innovation Group ("Gemini"), by counsel, for its Memorandum in support of Motion to Transfer the above-captioned case to the United States District Court for the District of Utah as this Court is the improper venue for this action. In support thereof, we state as follows:

**PRELIMINARY STATEMENT**

Plaintiff's Complaint – which arises out of Gemini's alleged violations of the Credit Repair Organizations Act – directly contravenes Plaintiff's contractual obligation to bring such legal action in Salt Lake County, Utah. Credit Innovation Group Retainer Agreement ("the Agreement"), signed by Plaintiff, that governs the services provided by Gemini to Parrott contains a choice of law clause requiring "Any legal actions shall be initiated only in Salt Lake County, Utah. You and the Company agree to submit to the personal and exclusive jurisdiction of courts located within Salt Lake County, Utah." *See*

Ex. A. Because the claims here arise under and relate to The Credit Innovation Group Retainer Agreement, they must be asserted, if at all, in either Salt Lake County, Utah or the Federal District of Utah.

## BACKGROUND

Defendant, Gemini, is a credit repair organization organized and located in Utah. Compl. ¶¶ 5. Plaintiff is a consumer over 18 years of age living in Kentucky, who contracted to use Defendant's credit repair services. *Id.* ¶ 4 and 12. The Agreement contains a one-paragraph choice of law clause:

> "*Choice of Law - This agreement, and all actions and obligations performed thereunder, are deemed to have been executed and performed exclusively in the State of Utah for all purposes-- regardless of where you may reside. This agreement shall be governed by Utah law without regard to conflict of law provisions. Any legal actions shall be initiated only in Salt Lake County, Utah. You and the Company agree to submit to the personal and exclusive jurisdiction of courts located within Salt Lake County, Utah. If a court of competent jurisdiction finds any portion of this Agreement invalid or unenforceable the remaining provisions and portions hereof shall not be affected.*" See Ex. A.

Although Parrott's claims rely upon alleged acts arising under and related to the Agreement, it failed to provide the Court with a copy of the governing agreement and ignored this clear and broad choice of law clause by filing its claims in this Court.

## ARGUMENT

Plaintiff, David W. Parrott's, claims must be submitted in either Salt Lake County, Utah or the Federal District of Utah. 28 USCA § 1404(a) allows for "the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district

or division to which all parties have consented." When Plaintiff, David W. Parrott, engaged the services of Gemini, he signed the attached contract including a forum selection clause, wherein he agreed that any proceedings would be held in the state of Utah. *See Ex.* A. The same contract, executed by Plaintiff, David W. Parrotf, provides that the contract is governed by Utah Law.

"When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a §1404(a) motion be denied." Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas, 571 U.S. 49, 62 (2013). In the present case, the defendant is located in Utah. The work that is the subject of Plaintiff's complaint was performed entirely in the state of Utah. Any witnesses, except for the Plaintiff himself, are likewise all located in the state of Utah.

## CONCLUSION

Parrott expressly agreed in the Credit Innovation Group Retainer Agreement, to bring any litigation involving any dispute with Gemini in the state of Utah but ignored that contractual obligation in bringing his claims in this Court. For the reason discussed above, Gemini is entitled to change venue to the Federal District of Utah. Accordingly, Defendant respectfully requests that the Court transfer the above captioned case to the Federal District of Utah in accordance with the signed choice of venue contract.

Dated: December 11, 2023

Respectfully submitted,

/s/ *Thomas C. Walsh*
Jan West, Esq.
Thomas C. Walsh, Esq.
Goldberg Simpson, LLC
Norton Commons
9301 Dayflower Street
Prospect, Kentucky 40059
jwest@goldbergsimpson.com
twalsh@goldbergsimpson.com
*Counsel for Defendant Gemini*

### CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing Memorandum in Support of Motion to Transfer Venue was served by filing electronically and a copy will be sent by email to all parties by operation of the Court's electronic filing system on this 11th day of December, 2023

Chad W. Eisenback
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Phone: (312) 313-1613
Facsimile: (630) 575-8188
*Counsel for Plaintiff*

/s/ *Thomas C. Walsh*
*Counsel for Defendant Gemini*